MARY E. EARL, Respondent, v. RICHARD PECK, Administrator, etc., Appellant.

Mere inadequacy of consideration, except as a circumstance bearing upon the question of fraud or undue influence, is not a defence to a promissory note.

Defendant's testator, having taken by mistake a fatal dose of aconite, and being aware of his approaching death, executed and delivered to plaintiff — who had been his housekeeper for seven or eight years, and to whom he was indebted for services — a promissory note for the sum of $10,000, the consideration expressed being "for services rendered." In an action upon the note, held, that it was valid, although the amount was greater than the value of the services.

(Argued April 3, 1876; decided April 11, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought upon a promissory note made and executed by defendant's testator, George Peck, of which the following is a copy:

".$10,000. For value received, I promise to pay Mary Earl, for services rendered, ten thousand dollars.

" STANFORD, *October* 12, 1873.

                "(Signed)      GEORGE PECK."

The deceased was a physician. Plaintiff had been in his service as his housekeeper from 1867 up to the time of his death, which occurred a few hours after the note was given. No contract had been made as to the rate of compensation for the services, but the deceased had said he would pay her well for them, and the evidence tended to show an understanding that the amount of compensation was to be left to him. Just prior to the execution of the note, the intestate had, by mistake, taken a dose of aconite, which he knew would prove fatal.

The court charged, among other things, that mere inadequacy of consideration was not in itself a defence. To which defendant's counsel duly excepted, and asked the court to charge that it was a defence to the extent the inadequacy was proved. The court refused so to charge, and defendant's counsel duly excepted. The court charged that if the real intent and purpose of the deceased, and the real character of the transaction was, under the form of this note of $10,000, to go beyond the payment of his actual indebtedness to the plaintiff, and in part to make a provision for, or gift to her, to that extent the note was void, and the plaintiff could not recover therefor.

Defendant's counsel asked the court to charge in connection with this, that if the jury found the fact to be in reference to this note, that it is supported in part by actual indebtedness, that they may render a verdict for the amount of the indebted-

ness, and not for that intended as a bequest. The court declined, and defendant's counsel duly excepted.

*Henry M. Taylor* for the appellant. The plaintiff was entitled to recover only so much of the note as the value of her services amounted to. (Story on Prom. Notes, § 187; *Tallmage* v. *Walker*, 25 Wend., 114; *Sawyer* v. *Chamber*, 44 Barb., 45; *Curtiss* v. *Leavitt*, 15 N. Y., 96; *Harris* v. *Clark*, 3 id., 112; *Phelps* v. *Phelps*, 23 id., 78.)

*Mr. Losey* for the respondent. Inadequacy of consideration was not of itself any defence to this action. (*Johnson* v. *Titus*, 2 Hill, 606; *Oakley* v. *Boorman*, 21 Wend., 588; *Sawyer* v. *McLouth*, 46 Barb., 350; *Scott* v. *Frink*, 54 N. Y., 635; *Lobdell* v. *Lobdell*, 36 id., 327; *Worth* v. *Case*, 42 id., 462.)

CHURCH, Ch. J. The defendant's intestate made the note upon which the action was brought after he had taken by mistake a fatal dose of aconite. He was a physician, and was conscious of his approaching death, which occurred about two hours after the note was made. Some evidence was given as to the state of mind of the deceased, and upon the question of undue influence, but it was rather slight, and was properly submitted to the jury. The same remark is true as to the question of delivery. The only point insisted upon in this court, relates to the consideration. The note is for $10,000, and expresses the consideration to be for services rendered. The plaintiff had been the housekeeper for the defendant, who was a bachelor, for seven or eight years, and the latter was indebted to her for her services in some amount, and the evidence tended to prove that at some time during the service it was agreed that the amount of compensation should be left to the intestate. Mere inadequacy of consideration, except as a circumstance bearing upon the question of fraud, or undue influence, is not a defence to a note. It is not necessary that the consideration of a note shall be equal in pecuniary value

to the obligation incurred. If no part of the consideration was wanting at the time, and no part of it subsequently failed, although inadequate in amount, the note is a valid obligation, while a want or failure of consideration, in whole or in part, is a good defence to the whole note, or to the extent of such failure. (*Johnson* v. *Titus*, 2 Hill, 606; 21 Wend., 558.) This case, in its principal features, is quite analogous to the case of *Worth* v. *Case* (42 N. Y. 362). There, as here, the note expressed the consideration to be for services rendered, and although the amount was more largely in excess of the pecuniary value of the services than in this case, the action was sustained by this court, and the reasoning in the opinions is applicable to the facts of this case. If the intestate chose to pay for the services rendered a much larger sum than they were worth, he had a right to do so. The note was not a gratuity or gift. There is no standard whereby courts can limit the measure of value in such a case, and an obligation is not wanting even partially in consideration, because the value is less than the obligation. A note for a thousand dollars given for a horse confessedly worth but one hundred, cannot be successfully defended in whole or in part, on the ground of a want or failure of consideration.

It is claimed that the note, in large part at least, was a testamentary bequest, and intended as such, and that for that reason the action was not maintainable to the extent that such was the intent. We have examined the various requests to charge upon this question, and are of opinion that, taking the charge together, it was as favorable to the defendant as he had a right lawfully to ask. The judge charged explicitly, that if the real intent and purpose of the deceased, and the real character of the transaction, was under the form of this note of $10,000, to go beyond the payment of actual indebtedness to the plaintiff, and in fact to make a provision for, or gift to her, to that extent, the note is void, and the plaintiff could not recover therefor. Afterwards a request was made that if the deceased intended to go beyond his actual indebtedness, that the jury should find for the amount of such indebtedness, and not that

intended as a bequest. This was declined, and an exception taken. This request is somewhat equivocal. If it is the same as that before charged, then the refusal was not error. In that case it was a refusal to repeat the same charge. If it was intended as a request that the jury should find the amount which they should determine was the actual indebtedness, without the qualification in the first part of the charge in respect to an intended bequest, then it was untenable for the reasons before expressed. The intestate declared in the note, that it was given for services rendered. If that was true the note was valid, although the amount was larger than the services were worth. The court charged, in substance, that if the note was used as a mere subterfuge for a testamentary bequest, the plaintiff could not recover to the extent that it was so intended. This went as far for the defendant as the law would justify, bu it is quite different from instructions that the jury might find what the real indebtedness ought to be, and regard the balance as a bequest. The latter proposition in effect would deprive the intestate of the power to determine the value of the services for himself, which, as we have seen, he had a right to do.

The judgment must be affirmed.

All concur.

Judgment affirmed.