## WILLIAM J. MOORE

*v.*

## GEORGE C. PRUSSING.

*Filed at Ottawa November 23, 1896—Rehearing denied March 6, 1897.*

1. PLEADING—*plea of failure of consideration must show the extent of defendant's damage.* A plea which attempts to set up as a defense to a note the plaintiff's non-compliance with the terms of the contract which was the consideration therefor is insufficient, where it contains no allegations by which the amount of damage resulting from such non-compliance can be determined.

2. SAME—*plea that sole makers of note signed as sureties is insufficient.* A plea by which the sole makers of a note attempt to set up as a defense that they signed as sureties and that the note was accepted as collateral security is obnoxious to demurrer, as to admit proof of those facts would be to vary the contract and contradict its terms by parol.

3. SAME—*when plea that note was delivered conditionally is insufficient.* Where the facts averred show that a note was executed and delivered for the consideration received, a plea is insufficient which attempts to change the terms of the instrument by averring parol conditions in conflict therewith.

4. EVIDENCE—*that note was delivered conditionally not admissible under the general issue.* Evidence that notes were delivered conditionally, under an agreement that they were not to become operative until certain other security had been exhausted, is not admissible under the general issue.

5. APPEALS AND ERRORS—*peremptory instruction for the plaintiff is proper when defense to note is inadmissible.* A court may instruct the jury to find for the plaintiff in a suit on a duly executed note, when the defense offered is not admissible under the general issue and demurrers to all special pleas have been properly sustained.

*Moore* v. *Prussing*, 62 Ill. App. 496, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

MOSES, PAM & KENNEDY, for appellant:

The plea of failure of consideration opened the door for the introduction of parol evidence. *Mann* v. *Smyser*,

76 Ill. 365; *Hill* v. *Enders,* 19 id. 163; *Morgan v. Fallenstein,* 27 id. 31; *Insurance Co.* v. *Rees,* 29 id. 272; *Gage* v. *Lewis,* 68 id. 604; *Ortel* v. *Schrœder,* 48 id. 133.

Parties to negotiable paper have a right to show the capacity in which they signed such paper, and to prove the same by parol is not varying the terms of a written instrument. *Flynn* v. *Mudd,* 27 Ill. 323; *Ward* v. *Stout,* 32 id. 401; *Boynton* v. *Pierce,* 79 id. 145; *Camden* v. *McKoy,* 3 Scam. 437; Brandt on Suretyship, (2d ed.) sec. 29.

Prussing & McCulloch, for appellee:

A plea of failure of consideration which attempts to alter and contradict a written agreement by an oral, contemporaneous agreement is bad. *Penny* v. *Graves,* 12 Ill. 287; *Harlow* v. *Boswell,* 15 id. 56; *Walters* v. *Smith,* 23 id. 342; *Foy* v. *Blackstone,* 31 id. 538; *Harris* v. *Galbraith,* 43 id. 309; *Miller* v. *Wells,* 46 id. 46; *Weaver* v. *Fries,* 85 id. 356; *Walker* v. *Crawford,* 56 id. 445; *Mumford* v. *Tolman,* 54 Ill. App. 471; 157 Ill. 258.

Sole makers of a note cannot together, in a joint plea, attempt to set up a parol understanding or agreement making them only sureties. *Harris* v. *Galbraith,* 43 Ill. 309; *Miller* v. *Wells,* 46 id. 46; *Walker* v. *Crawford,* 56 id. 444; *Weaver* v. *Fries,* 85 id. 356.

Mr. Justice Phillips delivered the opinion of the court:

The appeal in this case is prosecuted by the surviving defendant, William J. Moore, from the judgment of the Appellate Court affirming the judgment of the circuit court of Cook county upon a note for $2500, dated December 8, 1893, made by appellant and James E. Moore. The principal questions arising upon this record grow out of the action of the trial court in sustaining a demurrer to the special pleas of the defendants. Numerous pleas were filed, which were amended at various times, and for the purpose of this opinion may be discussed as a plea of

failure of consideration, a plea that the note was executed as collateral security merely and was not to be binding, and a plea that the note was delivered conditionally.

By the plea of the failure of consideration defendants alleged that the Potomac Apartment Company, an Illinois corporation, was indebted in a large sum of money, to-wit, $12,500, and for the purpose of paying this obligation that company applied, through its president, James E. Moore, to George C. Prussing for a loan; that Prussing was willing and consented to make the loan if defendants, James E. Moore and William J. Moore, would give their personal notes as security therefor; that the defendants agreed to execute and deliver to the plaintiff five notes as security for the indebtedness of the Potomac Apartment Company, on condition and in consideration only that said plaintiff would take from the company its building, together with leases, rents and profits accruing therefrom, and manage and operate the same honestly and faithfully, and would first look for the payment of the indebtedness owing to him, to the Potomac Apartment Company, and the security was accepted on that condition; that for the purpose of carrying into effect the agreement upon which the notes were made, the company turned over to the Illinois Trust and Savings Bank, as agent of the plaintiff, its building and the leases and income, and thereupon the defendants executed and delivered their notes in accordance with the agreement and upon the consideration stated; that the bank took charge of the building and managed and operated the same, but managed it so that instead of producing further income it resulted in loss, by reason of which mismanagement by the plaintiff, through its agent, the property failed to yield an income and discharge the obligations to plaintiff as agreed upon, whereby the conditions upon which the notes were made had failed. This plea is an attempt on the part of the defendants to set up the failure of plaintiff, through his agent, to comply with his contract,

whereby the consideration of the note for $2500 here sued upon had failed. There is no averment in this plea of the amount of the income to be derived from the building if properly managed, nor is there any averment of the amount of loss sustained. At most, the plea of the defendants attempted to set up the damage sustained by failure to comply with the contract made by plaintiff, and nothing has been alleged in the plea by which the amount of the damage sustained by said non-compliance could be determined.

The second plea attempted to set up that the execution and delivery of the notes were as collateral security, merely, and set up substantially the same facts as pleaded in the plea of failure of consideration. Whilst a person signing a note has a right to prove by parol the capacity in which he signs the paper, and such proof is not an attempt to vary the terms of the written instrument, yet where the note is accepted as a separate and independent contract an attempt to vary the terms of the contract by parol is not admissible, and the plea attempting to set up that the note signed was accepted as collateral security could not change the legal effect of the instrument, as a liability would exist according to the terms of the contract, and the attempt to set up such an agreement constituted no defense. As the sole makers of the note, defendants cannot show they only signed as sureties. To permit proof of that fact would be to vary by parol the contract itself and contradict its terms. *Harris* v. *Galbraith*, 43 Ill. 309; *Miller* v. *Wells*, 46 id. 46.

The plea which attempted to set up that the note was delivered conditionally does not set up a contract by which it was to take effect on certain conditions, but attempts to set up substantially the same contract with reference to the bank that was sought to be set up under the plea of failure of consideration. While it may be shown by parol that the note was delivered conditionally, yet where the facts averred show execution of the note,

and its delivery for the consideration paid and received, an attempt to change the terms of the instrument by averring conditions in conflict with its terms is not a sufficient plea.

Fourteen special pleas, each of great length, were filed from time to time to the declaration in this case, to which demurrers were sustained. In what we have said we have attempted to group the averments of the several pleas, and when they are considered together it is an attempt to set up that the Potomac Apartment Company was largely indebted; that the defendant James Moore, desiring to raise a sum of money to pay that indebtedness, called on the plaintiff and sought to negotiate from him a loan of $12,500; that to procure such loan the defendants executed their five promissory notes, and as further security to the payee the Potomac Apartment Company transferred its building, and the leases thereto, to the bank as trustee; that the bank and the company executed an instrument, in which it is recited that the company is in default in the payment of coupons in the sum of $3750 upon its bond for $125,000, secured by its trust deed to the bank, and is further indebted in the sum of $12,500 and interest, evidenced by five notes of James E. Moore and William J. Moore, (which latter notes were held by Prussing;) that the company assigns and delivers to the bank all leases to the premises, and empowers the bank to collect rents, and to rent the premises in its discretion, in the name of the company or its own name, and to apply the proceeds and income, first, to the payment of its charges and expenses in that behalf, including attorney's fees; second, to the payment of costs of running the building, taxes, alterations and repairs; third, to the payment of ground rent; fourth, to the payment of coupons, with interest, and the coupons thereafter maturing; and fifth, to the payment of the five notes of $2500 each.

These several pleas, which sought to set up this agreement and the duty arising thereunder on behalf of

plaintiff, brought before the court for construction that agreement. It appears the plaintiff was not a party thereto, and by the terms of the agreement he owed no duty and could exercise no power with reference to rents until there had come into the hands of the bank a sum more than sufficient to pay the indebtedness provided to be paid before any application of the rents should be made on his notes. We are of the opinion it was not error to sustain the demurrer to these pleas, as the matters sought to be set up outside of this written contract between the bank and the Potomac Apartment Company were all matters resting in parol.

On the trial the defendants offered testimony by which they sought to show the company was unable to pay its debts, and they gave notes to the amount of $12,500, for which the plaintiff gave his check, which was deposited to another account and afterwards paid out as directed by one of the defendants, and the notes were made upon the condition that they were not to be operative or collectible until after the plaintiff had exhausted the security which had been given, which was the rent of the building, as provided for in the above mentioned agreement. This evidence would not be admissible under the general issue, and it was not error to exclude it.

The jury were instructed to find the issues for the plaintiff and assess the damages at the sum of $2773.68. The defendants sought to set up this defense by the several special pleas to which demurrers were sustained. Not being admissible under the general issues, and there being no error in sustaining the demurrer to those pleas, it was not error for the court to peremptorily instruct the jury to find for the plaintiff the amount of the note, with interest.

We find no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*