Joseph H. Littlefield *vs.* Florence L. Perkins.

Kennebec.   Opinion March 15, 1905.

*Gift Inter Vivos.   Life Insurance Policy.   Promissory Note.   Consideration.*

1.  To constitute a valid gift inter vivos of an insurance policy from a wife to her husband the necessary change of beneficiary must be made during her lifetime.

2.  When the only evidence of such a gift was that the wife expressed a wish that the husband should have the whole of the insurance money, and one of the beneficiaries verbally agreed to that, but it did not appear that the husband or wife did or omitted to do anything in consequence of the promise, or in any way suffered thereby, such contract is nudum pactum, and the essential elements of a gift inter vivos or donatio causa mortis are wanting.

3.  When a note is given for a certain sum, a part of which is for a good consideration, and the balance is without consideration, and afterwards the amount that is for a legal consideration is paid and endorsed on the note, the note then being without consideration as to the unpaid balance, no recovery can be had upon it.

On report.   Judgment for plaintiff.

Assumpsit on account annexed and promissory note, brought in the Superior Court for Kennebec County.

The case is stated in the opinion.

*Brown & Brown,* for plaintiff.

*F. W. Clair,* for defendant.

Sitting:   Wiswell, C. J., Emery, Whitehouse, Strout, Savage, Powers, JJ.

Strout, J.   Plaintiff's wife had a policy on her life for one thousand dollars, payable to her legal representatives.   The premiums were all paid by plaintiff.   During Mrs. Littlefield's last

sickness she and her husband learned that upon her death one-half of the amount would go to her father and mother as her heirs, and the other half to her husband, as she had no children. Some correspondence was had with the insurance company in regard to a change of beneficiary to the end that the husband should take it all, and a blank for that purpose was furnished by the company, but the blank was not signed by the wife and the change was not made. Plaintiff says that before her death, his wife told him she wanted him to have it all, and that her mother, the defendant, was present and agreed to it. This is denied by the mother. After the death of the wife, her father was appointed her administrator, and received the one thousand dollars from the insurance company, and at the same time gave the plaintiff five hundred dollars and retained the other five hundred for himself and his wife. Shortly afterwards the defendant, at plaintiff's request, gave him the note in suit for three hundred and thirty dollars, being for the two hundred and fifty dollars insurance money she received as heir of her daughter and eighty dollars which plaintiff let her have to go towards purchase of a place. The eighty dollars has been paid and endorsed on the note. As to the balance the defense is a want of consideration.

Plaintiff claims as a gift from his wife, but the essential elements of a gift inter vivos or donatio causa mortis are wanting.

The eighty dollars loaned was a valid consideration for the note, but if there was no consideration for the balance of two hundred and fifty dollars, the eighty dollars having been paid, the action upon the note by the original payee must fail. *Parish* v. *Stone*, 14 Pick. 198.

Assuming the plaintiff's statement to be true that his wife expressed a wish that he should have the whole of the insurance money, and that the defendant agreed to this, it does not appear that the plaintiff or his wife did or omitted to do anything in consequence of the promise, or in any way have suffered thereby. The defendant by statute was entitled to one-fourth of the money, as heir at law. She received nothing for her promise to release it, if she made any. True, she subsequently gave the note, thus, perhaps, admitting a moral obligation, but this is not a sufficient legal consideration to render her liable. The contract was nudum pactum. See *Parish* v. *Stone*, supra;

*Ware* v. *Adams,* 24 Maine, 179; *Phelps* v. *Dennett,* 57 Maine, 491; *Fuller* v. *Lumbert,* 78 Maine, 325; *Lambert* v. *McClewley,* 80 Maine, 481.

The note being without consideration as to the unpaid balance, no recovery can be had upon it.

In the writ there is a count for seventeen dollars for costs of a prior suit against this defendant, which was discontinued by plaintiff. He testifies that the suit was discontinued by agreement of the parties and that in consideration thereof the defendant agreed to pay three dollars, as part of the costs. The defendant does not deny this. If such was the agreement, and the suit was discontinued upon defendant's promise, there was a sufficient consideration for her undertaking. It follows that there must be

> *Judgment for plaintiff for three dollars and interest*
> *from date of the writ.*