### PROOF OF CONSIDERATION FOR A PROMISSORY NOTE.

Court of Appeals for Columbiana County.

ISABELLA H. SHARP, AS EXECUTRIX OF ROBERT B. SHARP, v. GEORGE H. SHARP.

Decided, April 8, 1915.

*Want of Consideration—May be Interposed as a Defense in Part to an Action on a Promissory Note—Where the Sum Stated in the Note Was in Part a Gift—Construction of Section 8133.*

1. The gift of the sum payable in a promissory note will not support an action on the note between the payee and payor, but the payor or can avail himself of the defense of want of consideration.
2. That Section 8133 of the General Code does not exclude the defense of a partial want of consideration in an action on a promissory note between the original parties thereto.
3. That in such an action the payor can plead and prove that the sum mentioned as payable in a promissory note consisted in part of a valuable consideration and in part of a gift.

4. That the payee can only recover the amount of the valuable consideration.

*Merle E. Rudy* and *Musser, Kimber & Huffman,* for plaintiff in error.

*Geo. T. Farrel* and *C. S. Speaker,* contra.

POLLOCK, J.; METCALFE, J., and HOUCK, J. (sitting in place of Spence, J.), concur.

George H. Sharp, the defendant in error, brought an action in the court of common pleas of this county against Isabella Sharp, as executrix of Robert B. Sharp, plaintiff in error, to recover a judgment on a promissory note dated May 8, 1909, due in two years thereafter, payable to the plaintiff below, for $2,000, and signed by Robert Sharp.

To this petition the defendant below filed an answer denying the execution and delivery of this note by Robert B. Sharp, and for a further defense she denied that there was any consideration for so much of the amount of said note as exceeds the sum of $250.

The trial resulted in a judgment in favor of the plaintiff below for the full amount of the note, with interest. This action is prosecuted to reverse that judgment for errors that it is claimed occurred upon the trial.

At the trial of the case the objection to George H. Sharp testifying on the statutory ground of the death of Robert B. Sharp was waived by the defendant below, and he was permitted to testify. All the evidence in regard to the consideration of the note is contained in the testimony of George H. Sharp and in statements which other witnesses testify that he made regarding the consideration for the note.

George H. Sharp testified that the consideration for this note was the sum of $250 which he had, prior to the making of the note, given to Robert B. Sharp for safekeeping, and that the remaining $1,750 of the sum mentioned in said note was for work and labor which he had performed for the testator.

The defendant below produced a number of witnesses who testified that George H. Sharp, the plaintiff, had, after the death of Robert B. Sharp and prior to the bringing of this action, stated to them that the $2,000 mentioned in this note was made

up of two considerations—one of $250 for money which he had, prior to the making of the note, given to Robert B. Sharp, and that $1,750 was a gift to him by Robert Sharp.

At the close of the testimony and before arguments, the defendant below, by request in writing to charge before argument, asked the court, in substance, to charge the jury that if they found that the sum payable in said promissory note arose upon two distinct considerations, one of $250 which was money received by the testate from George H. Sharp prior to the making of this note, and the remaining $1,750 was intended as a gift, that the plaintiff can not recover for the latter sum, but can only recover the sum of $250 with interest thereon.

The court refused to charge as requested, and in his general charge said to the jury that in the event the jury found that some good and valuable consideration was given for the promissory note, then the plaintiff could recover the full amount mentioned in this note with its interest.

The refusal to charge as requested, and the charge as given, are urged as errors in this court for which the judgment of the court below should be reversed.

It is well settled that an intended gift of the amount mentioned in a promissory note will not support an action between the original parties to the note, but that the defendant can avail himself of the defense of a want of consideration. It is equally well settled that at common law, where the sum mentioned as payable in a promissory note is composed in part of a valuable consideration and the balance is without consideration, as where it is intended as a gratuity or gift, that no recovery can be had on the note in excess of the valuable consideration; that a partial want of consideration will avoid a note *pro tanto*. *Parish* v. *Stone*, 14 Pickering, 198 (25 Am. Dec., 378); *Littlefield* v. *Perkins*, 100 Me., 96 (60 Atl., 707); *Daniels on Negotiable Instruments*, Section 201.

The Supreme Court of this state has recognized the principle that a partial want or failure of consideration avoids a note *pro tanto*. *Widoe* v. *Webb*, 20 Ohio St., 431-435.

But it is claimed that the common law rule as to partial want of consideration has been changed by the Negotiable Instruments Act, Section 8133, General Code:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise."

This requires a construction of this section, and in doing so it may be well to look to some of the rules governing statutory construction.

It is a well known rule that remedial statutes should be liberally construed. *Sutherland on Statutory Construction,* Section 409, says:

" * * * There are also the three points mentioned by this author to be considered in the construction of all remedial statutes—the old law, the mischief and the remedy; that is, how the law stood at the making of the act; the mischief for which that law did not adequately provide, and what remedy the Legislature has supplied to cure this mischief. And it is the duty of judges so to construe the act as to suppress the mischief and advance the remedy."

Again the same author says:

"Section 291. In all doubtful matters, and when the statute is in general terms, it is subject to the principles of the common law; it is to receive such a construction as is agreeable to that law in cases of the same nature. A statute in affirmance of a rule of the common law will be construed, as to its consequences, in accordance with such law. So provisions which are intended to remedy defects in the common law must be read and construed in the light of that law."

It is well known that negotiable instruments acts, in substantially the same form, were passed by the law-making power of a number of the states for the purpose of making uniform the rules of law governing the rights of the parties making and holding negotiable instruments.

The right under the common law to defend on the ground of a want or partial want of consideration, or a total failure of consideration, was well established in all jurisdictions. But there was a difference in the holdings in regard to a partial failure of the consideration of a promissory note. In some jurisdictions it was held that where the partial failure was a liquidated amount it might be set up as a defense. In other

jurisdictions it must be by way of recoupment or separate action. But where the amount of the partial failure was unliquidated, the rule was that it could not be set up as a defense, but must be litigated in a separate action, or at least in a cross-action. *Defense of Commercial Paper* (Joyce), Sections 198, 201, 202 and 207; *Eaton & Gilbert on Commercial Paper,* pages 271 to 275, inclusive; *Ruling Cases,* Vol. III, page 945; *Holzworth et al* v. *Koch, Mayer & Goldsmith,* 26 O. S., 33.

Applying these rules of construction to the well known intention of the law-making power in enacting the Negotiable Instrument Act, the only provision of the section of the statute referred to in which the decisions were not uniform, was the partial failure of consideration.

The right to set up a partial failure as a defense was not uniform, even where the amount of the failure was liquidated, and but few authorities hold that it could be set up as a defense where it was unliquidated. Evidently the intention of this section was to make uniform the right to interpose a partial failure as a defense, whether the amount was liquidated or unliquidated.

We do not think that the courts would be authorized in saying that the intention of the law-making power was to change the rule of law as to want of consideration so as to deprive the maker of a note, where the action was between the original parties to the note, from interposing the defense of a partial failure of consideration where the sum named as payable in the note was composed partly of a valuable consideration and the remainder was a gratuity or gift. To do this would be placing a construction on the general words "absence of consideration" contrary to the general rule of the common law, and not in accordance with it.

The statute, so far as it refers to the defense of want of consideration, is in general terms, and should be construed according to the principles of the common law, but it is specific in regard to the defense of partial failure of consideration.

For these reasons we think the court erred in not submitting to the jury the question of whether $1,750, the amount named as payable in this note, was or was not a gift.

But it is further urged by the defendant below that even if the court did err in refusing to permit the question of the partial want of consideration of this note to go to the jury, yet the case should not be reversed because of the answers returned by the jury to the interrogatories submitted to them by the court, in which they said that $1,750 was for services, and that the amount of these services was $1,750.

An examination of this testimony shows that the consideration of this note on the part of plaintiff below depends wholly upon the testimony of the plaintiff below; his recollection of what occurred at the time of the giving of this note is somewhat indistinct, and the services which he claims to have rendered, and which had not been paid for prior to that time by the testate, were reasonably worth far less than the amount payable in this note which he claims was given for that service.

If the deceased intended to recognize the value of these services as being worth $1,750, and that amount of the sum payable of this note was intended to be given by him in payment of these services, the value of them can not now be questioned. We refer to the value of the services only for the purpose of showing the doubtful character of the testimony of the plaintiff below in regard to the $1,750 of the amount named in this note.

The defendant below called a number of witnesses who testified to statements made by the plaintiff, in which he said that $1,750 of the sum payable in the note was a gift of the testate to him. We think that from the doubtful character of the testimony that is was an error affecting the substantial rights of the defendant for the court to refuse to submit the question of a partial want of consideration to the jury, and that substantial justice has not been done.

The judgment of the court below is reversed.    Exceptions noted.