### BEAR v. BEAR.

Ohio Appeals, 6th Dist., Lucas Co.

Nos. 1969-70. Decided Jan. 23, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**191. BURDEN OF PROOF—147.** Bills, Notes and Checks—Burden to prove failure of consideration rests on defendant. Necessary to show extent of such failure in order to sustain burden.

Error to Common Pleas.
Judgment affirmed.

Alonzo G. Duer, Toledo, for plaintiff in error.

Denman, Miller & Wall, Toledo, for defendant in error.

### FULL TEXT.

RICHARDS, J.

These two cases involve the same matters and can be conveniently disposed of in one opinion.

The actions, which were based on promissory notes, were originally brought by Grace M. Bear in the Municipal Court of the City of Toledo and each resulted in a judgment in her favor. Error was prosecuted to the Common Pleas Court where the judgments were affirmed and these proceedings in error are brought to reverse the judgments of the lower courts.

Only one defense made by the defendant below deserves separate discussion. That defense avers in substance that if the notes sued upon ever had any consideration, that it has wholly failed for the reason that, contrary to the agreement of the parties at the time the notes were given, the plaintiff has wrongfully taken the minor child of the parties outside of the State of Ohio and refused to permit the defendant to have the child over Saturday and Sunday of each week, as provided in the agreement.

The bill of exceptions is very meager, consisting of only two pages, but certifies that it contains all of the evidence. It shows that the parties, who had been husband and wife, agreed as a consideration for the notes that the defendant in the trial court might take their child, who had apparently been confided to the custody of the mother, away from home one day a week and in consideration of that promise the notes were given and it is by reason of the claimed breach of this agreement that it is claimed the consideration has failed. The only evidence in the bill of exceptions on that subject is the following question and answer:

"Q. You claim the consideration has failed because she did not fulfil her agreement?

"A. Yes; she left Toledo and would not permit me to take the child and have it as we agreed and that is what the note was given for. Otherwise it would not have been given."

The evidence leaves no basis for contending that the promissory notes did not have a sufficient consideration when executed, but reliance is placed on a failure or partial failure of that consideration subsequent to the execution of the notes. The evidence does not dis-

close an entire failure of consideration, but at most a partial failure. Such a defense assumes that the notes were based on a sufficient consideration and were at one time enforcible but that a defense has subsequently arisen. That is an affirmative defense and the burden of proof to sustain it rested upon the defendant in the trial court. If sustained it would entitle the defendant to an abatement of the plaintiff's demand to the extent that he had suffered loss by reason of the partial failure of consideration. Holzworth, et al. v. Koch, et al., 26 Ohio St., 33. Although in Ginn, Admr. v. Dolan, 81 Ohio St., 121, the issue was want of consideration, the court on page 129 of the opinion clearly states that the burden to prove failure of consideration rests on the defendant.

One of the notes in suit was executed in 1921 and the other one in 1922. The actions were not brought until June, 1927. The record does not disclose when the plaintiff below left Toledo and would not permit the defendant to take the child as agreed, nor does it make any showing of damages by reason of such breach of the contract. The record is entirely consistent with the claim that the plaintiff may not have left Toledo or the State of Ohio until shortly before the actions were brought, and for aught the record shows, she may have complied with the requirement to permit the defendant to have the child for one day a week during all the years ensuing from the execution of the notes until a few months before the trial. The maker of the note failed to sustain the burden of proof resting on him by showing the extent of the failure of consideration.

(Williams and Lloyd, JJ., concur.)