374

IN RE ESTATE OF WILLIAM M. HORE.
HELEN R. RYDEEN v. FRANK J. COLLINS.[1]

July 13, 1945.

No. 33,949.

*Frank J. Collins* and *Ben R. Toensing,* for appellant.
*Frank E. McAllister,* for respondent.

[1]Reported in 19 N. W. (2d) 783.

PETERSON, JUSTICE.

Respondent filed a claim for a promissory note for $5,000 against decedent's estate, which was disallowed by the probate court. On appeal, the district court reversed the probate court and ordered the claim allowed. The appeal is from the judgment.

Appellant challenges the finding of fact, without which the judgment cannot stand, that there was a consideration for the note, and the conclusion of law that the note was a valid claim against decedent's estate, even though it had not been presented for payment to decedent or, prior to the filing thereof, to appellant as his personal representative. It is also claimed that the trial court erred in denying a new trial upon the ground of newly discovered evidence.

Respondent's statement of facts and law in the district court showed that her claim was based on a promissory note, dated June 27, 1940, payable to her on demand and purporting to have been executed and delivered by decedent. The note recites a "value received" and that it bore interest "before and after maturity." Appellant by answer denied the execution of the note and that there was "any consideration whatsoever" for it. Thus, the issues were whether the signature on the note was genuine and whether there was a total want of consideration. Although respondent's testimony, as we shall show, was to the effect that the note was given partly as compensation for her services and partly as a gift, no attempt was made to show that a particular part was for services and another as a gift. In other words, there was no attempt to apportion the amount of the note between compensation and gift. On the contrary, the issue made and litigated by the parties was whether there was any consideration at all and not whether there was a partial want of one. According to the issue, the consideration, or the want of it, was single and entire and went to the note as a whole. It was a case of *a* consideration or *none* at all. Here, as below, the parties make the same contentions.

Respondent's evidence showed that on June 27, 1940, decedent executed the note in question and delivered it to her; that she had

prepared the note at the office, where she was employed, and took it for signature to decedent at the hospital where he was then confined, and that he signed it "William M. Hore." She testified further that the note was not "exactly" a gift, but that "it probably was a gift and compensation for my services." It appears that shortly after decedent's wife. died he commenced to court respondent and that they became engaged to marry each other. Her companionship afforded him consolation and encouragement. For a period of about ten months she devoted about five or six hours a day doing work for him, consisting of taking care of various matters for him, getting and delivering his mail, writing and sending checks to pay his bills, and taking care of him to some extent.

The value of respondent's services was not shown. Nor was it shown that decedent deemed them to be of a greater or less value than the amount of the note. It appears without dispute that they were valuable. Appellant, who acted as decedent's attorney, testified that decedent had said that he had every confidence in respondent; that she had been of "invaluable help" to him following his wife's death in straightening out his affairs and in other ways; and that he (appellant) had recommended to respondent's then attorney to accept $500 in settlement for the services.

Appellant attempted to show that the signature was not genuine. There was no direct contradiction of respondent's version that decedent signed the note. The evidence to establish that the signature was not genuine consisted of opinions based upon comparisons of the signature on the note and admittedly genuine specimens of his signature on checks and other notes. These were signed "Wm. M. Hore." A petition filed by decedent in his wife's estate signed "William M. Hore" was also produced. So far as we can tell, the signature on the note is identical with those produced. The trial judge apparently was of that view.

The trial judge found that the note was given for a valuable consideration; that it was unpaid, and that it was a valid and subsisting claim against decedent's estate; and ordered judgment that the claim be allowed by the probate court. After the findings of fact

and conclusions of law were filed, appellant moved for a new trial upon the ground of newly discovered evidence consisting of testimony of two handwriting experts in St. Paul of whom he claims to have had no knowledge prior to the trial, and who would give opinions upon a retrial, if one was granted, that the signature on the note is not genuine. The motion was denied.

■ The finding that the note was given for a valuable consideration is sustained by the evidence. Under N. I. L. § 25 (Minn. St. 1941, § 335.131 [Mason St. 1927, § 7068]), an antecedent or preëxisting debt constitutes value, whether the instrument is payable on demand or at a future time. The evidence supports the finding that decedent was indebted to respondent for the services in question. It is undisputed that respondent rendered the services at decedent's request and that they were valuable. No claim is made here that the services are presumed to have been rendered gratuitously because of the fact that the parties stood in the relationship of fiance and fiancee. See, Kramer v. Bins, 205 Wis. 562, 238 N. W. 407; 71 C. J., Work and Labor, § 41. The giving of a promissory note for personal services is evidence that the services were rendered upon the understanding that they should be paid for, even where the parties stand in a relationship from which it would be presumed otherwise that the services were gratuitous, and in such a case the services are a sufficient consideration for the note. Petty v. Young, 43 N. J. Eq. 654, 12 A. 392; Sutch's Estate (No. 1), 201 Pa. 305, 50 A. 943. Personal services rendered under such circumstances that there is a legal obligation to pay for them constitute sufficient consideration for a note given for them, regardless of their economic value as compared to the amount of the note. In other words, while the services may be a sufficient consideration, they need not be an adequate one. Adequacy in fact, as distinguished from value in law, is exclusively for the determination of the parties. Clark's Appeal from Commissioners, 57 Conn. 565, 19 A. 332; Foxworthy v. Adams, 136 Ky. 403, 124 S. W. 381, 27 L.R.A.(N.S.) 308, Ann. Cas. 1912A, 327; Rightor v. Aleman, 4 Rob. (La.) 45; Citizens Nat. Bank v. Custis, 155 Md. 173, 141 A. 556; Earl v. Peck, 64 N. Y. 596; Worth

v. Case, 42 N. Y. 362; Rauschenbach v. Estate of McDaniel, 122 W. Va. 632, 11 S. E. (2d) 852; 7 Am. Jur., Bills and Notes, § 234. In the cited cases, the notes greatly exceeded in amount the market value of the services for which they were given. In Earl v. Peck, *supra,* the court said (64 N. Y. 599) : "If the intestate chose to pay for the services rendered a much larger sum than they were worth, he had a right to do so. The note was not a gratuity or gift." Similar statements are found in the other cases cited. Standing alone, the services were a sufficient consideration for the whole note.

This is not a case, however, where the sole consideration for the note was personal service. Here, according to respondent's own testimony, part of the consideration was a gift. A promise to pay made as gift is without consideration and is not binding. There is a partial want of consideration for the part of a note represented by the gift. Williams v. Forbes, 114 Ill. 167, 28 N. E. 463 (affirming 15 Bradw. [Ill.] 305) ; Sharp v. Sharp, 4 Ohio App. 418. In such a situation, the rule is that partial absence or failure of consideration shall be a defense *pro tanto* whether the amount thereof is ascertained and liquidated or otherwise. N. I. L. § 28 (Minn. St. 1941, § 335.134 [Mason St. 1927, § 7071]) ; Brannan, Negotiable Instruments Law (6 ed.) pp. 416-423. The defense of partial want of consideration is allowed only to the extent that it is shown. The burden of proof is on the maker of the note to show the amount of a partial want or failure of consideration. Torinus v. Buckham, 29 Minn. 128, 12 N. W. 348; Bisbee v. Torinus, 26 Minn. 165, 2 N. W. 168; King v. Moreland, 116 Cal. App. 356, 2 P. (2d) 576; Parish v. Stone, 14 Pick. (Mass.) 198, 25 Am. D. 378; Black v. Ridgway, 131 Mass. 80; Coulson v. Stevens, 122 Miss. 797, 85 So. 83; Johnson v. Murray (Mo. App.) 289 S. W. 977; Sharp v. Sharp, 4 Ohio App. 418, 22 CC (NS) 427, 27 CD 588; Roberts v. Boydston, 186 Okl. 336, 97 P. (2d) 898. As Mr. Chief Justice Shaw said in Parish v. Stone (14 Pick. [Mass.] 211, 25 Am. D. 388), *supra,* where there are "two distinct and independent considerations, each going to a distinct portion of the note, and one is a consideration which the law deems valid and sufficient to support a contract, and the other not, there

the contract shall be apportioned, and the holder shall recover to the extent of the valid consideration, and no further," and "the presumption of law is in his [the holder's] favor as to the whole note; and the burden is upon the defendant to show, to what extent the note is without consideration." Where the maker fails to show the extent of the partial want or failure of consideration, the holder is entitled to recover the face amount of the note. Bisbee v. Torinus, 26 Minn. 165, 2 N. W. 168, *supra;* Moore v. Prussing, 165 Ill. 319, 46 N. E. 184; Schaffner v. Köber, 2 Ind. App. 409, 28 N. E. 871; Iaccuzzo v. Cole, 17 La. App. 353, 135 So. 750; Bear v. Bear, 29 Ohio App. 272, 162 N. E. 711; Kendall v. Rossi, 35 R. I. 451, 87 A. 186, 45 L.R.A.(N.S.) 985; Herman v. Gray, 79 Wis. 182, 48 N. W. 113. Here, by treating the consideration as single and entire and going to the note as a whole and failing to make any showing at all as to the extent to which the note was a gift, there was no basis for an apportionment. Because appellant has failed to show to what extent the note was a gift, respondent is entitled to recover the face amount of the note.

■ Appellant contends that, for lack of presentment for payment, neither he as personal representative nor decedent was liable on the note. The claim is that presentment for payment to decedent during his lifetime was necessary in order to charge him, because of the provisions of N. I. L. § 74 (Minn. St. 1941, § 335.28 [Mason St. 1927, § 7117]), requiring the instrument to be exhibited to the person from whom payment is demanded, and to appellant as his personal representative afterward, because of the provisions of the section cited and those of N. I. L. § 76 (§ 335.282 [§ 7119]), which read:

"Where a person primarily liable on the instrument is dead, and no place of payment is specified, presentment for payment must be made to his personal representative, if such there be, and if, with the exercise of reasonable diligence, he can be found."

Respondent's answer to the contention is that presentment for payment was unnecessary in order to charge either decedent, as the maker of the note, or appellant, as his personal representative, in virtue of N. I. L. § 70 (§ 335.27 [§ 7113]), which provides, so far

as here material, that "Presentment for payment is not necessary in order to charge the person primarily liable on the instrument," and "presentment for payment is necessary in order to charge the drawer and endorsers." These sections are found in N. I. L., art. VI, which is entitled "PRESENTMENT FOR PAYMENT."

Section 70, the first one in the article, provides for two classes so far as concerns presentment for payment, viz., one where presentment for payment is not necessary and the other where it is. The distinction rests upon the nature of the liability of the parties. Where the party is primarily liable, presentment for payment is not necessary; where he is secondarily so, it is. 8 Am. Jur., Bills and Notes, §§ 623-628; 10 C. J. S., Bills and Notes, §§ 343-345. The provisions of article VI relate to the necessity, time, and manner of making presentment for payment. Section 70 at the very outset settles the matter of the necessity for making presentment for payment by expressly excluding parties primarily liable, which includes makers, and by including parties secondarily liable, such as drawers and endorsers. The other sections of the article, including §§ 74 and 76, relied on by appellant, relate not to the necessity, but to the time and manner of making presentment for payment where it is necessary.

The purpose and meaning of the provisions of article VI relative to presentment for payment are made clear by referring to those of article V, relating to the "LIABILITIES OF PARTIES," where §§ 60, 61, and 66 (§§ 335.23, 335.231, 335.255 [§§ 7103, 7104, 7109]) are found. Section 60 provides that the maker engages to pay the instrument according to its tenor. This liability is absolute and not conditioned by presentment for payment or otherwise. Sections 61 and 66 condition the liability of parties secondarily liable, such as drawers and endorsers, by making due presentment for payment and, if the instrument be dishonored, by duly taking "the necessary proceedings on dishonor." What the necessary proceedings are on dishonor are not mentioned in that article. They appear in those immediately following. Those found in article VI, as has been said, relate to the necessity, time, and manner of making presentment for

payment, and those of article VII, entitled, "Notice of Dishonor," relate to the necessity, time, and manner of giving notice of dishonor. Section 89 (§ 335.35 [§ 7132]), the first one in this article, provides that notice of dishonor shall be given to parties secondarily liable, that is, to drawers and endorsers. Thus, the plan of the statute is to define the liabilities of the parties, specifying the cases in which it is absolute and those in which it is conditioned by making presentment for payment, and, if dishonored, taking proceedings on dishonor to perfect liability; to specify the cases in which presentment for payment is necessary and the time and manner of making the same; and to specify the cases in which notice of dishonor is necessary and to specify the time and manner of giving it. The same distinction runs through the entire statute. As to persons primarily liable, no presentment is necessary, and no presentment for payment and notice of dishonor is necessary. As to persons secondarily liable, presentment for payment to the person primarily liable is necessary, and notice of dishonor to persons secondarily liable is necessary. Hence, the liability of the maker of a note is absolute, and no presentment for payment and notice of dishonor is necessary in order to charge him with liability. Section 72(4), (§ 335.275[4], [§ 7115(4)]) provides that the instrument must be presented "To the person primarily liable * * *." That this section simply relates to cases where presentment is necessary to charge persons secondarily liable and is not necessary in order to charge a person primarily liable is obvious, because the statute by the express provisions of § 60 has made the liability of a person primarily liable an absolute one, and it is not necessary to perfect liability against him, because by express provision § 70 provides that no such presentment is necessary. The provisions of § 76 upon which appellant relies, to the effect that presentment must be made to the personal representative where the principal debtor is dead, is of the same scope as § 72(4) and provides how presentment shall be made where the person primarily liable is dead. There is no more reason for holding that, because presentment in such cases must be made to the personal representative, it is necessary to do so to perfect a primary

liability than there is for so holding in the case where the maker himself is alive. Both sections relate to cases where presentment is necessary to charge persons secondarily liable. It will be noted that neither section provides that presentment for payment is necessary in order to charge a person primarily liable or his estate in case he is dead. The language is that presentment must be made to the person primarily liable or to his personal representative in case he is dead. In short, these sections specify to whom presentment for payment shall be made, but not the necessity for it.

Our decisions have settled the questions relative to the necessity of presentment for payment in order to charge makers and their estates in accordance with these views. It is settled that a maker is a person primarily liable. Plainly, the statute requires no presentment for payment in order to charge the maker of a note. First State Bank v. Utman, 136 Minn. 103, 161 N. W. 398. Where the maker is dead, his estate is subject to the same liability as he was during his lifetime. Hence, it is equally clear that no presentment for payment is necessary in order to charge the estate of the maker of a note. In re Estate of Stack, 164 Minn. 57, 204 N. W. 546 (a demand note, as here). A claim upon a note against the estate of a deceased maker is one founded upon contract and as such must be filed in the probate court against the estate. In re Estate of Koffel, 175 Minn. 524, 222 N. W. 68; Albert Lea College v. Brown, 88 Minn. 524, 93 N. W. 672, 60 L. R. A. 870. Presentment for payment to either decedent or appellant as his personal representative was not necessary to charge decedent's estate with liability for the note.

■ Assuming that the proposed testimony of the two handwriting experts was such newly discovered evidence as otherwise to be a basis for granting a new trial upon the ground of newly discovered evidence, the trial court properly denied appellant's motion because of the lack of a sufficient showing that such evidence could not have been discovered before trial by the exercise of reasonable diligence. The handwriting experts maintained a public office in St. Paul only ten miles distant from appellant's office. He did not show that his efforts after trial were any different from those before, or that, if

proper effort had been made before trial, he would not have discovered the witnesses. "A party may properly be held to be guilty of lack of diligence where the same diligence which led to the discovery of the new evidence after trial would have discovered it had such diligence been exercised prior thereto." Hlubeck v. Beeler, 214 Minn. 484, 9 N. W. (2d) 252.

Affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I feel that the interests of justice would be better served if the case were remanded for a new trial, at which time all the issues might be completely litigated and the claimed newly discovered evidence submitted for consideration.