EASTON PACKING COMPANY v. KENNEDY et al.

S. F. No. 2118; December 24, 1900.

63 Pac. 130.

Promissory Note—Failure of Consideration.—Defendants Executed Two Notes, for $385 each, in payment of a commission for selling land, and payable only in the event that the vendees of the land remained on it for one year, and made improvements equal in value to the notes. The vendees plowed one hundred acres, which

increased its value $2.50 per acre, erected buildings, constructed drainage worth $75, and a levee worth $64, but with the consent of defendants, to whom they executed a reconveyance, abandoned the premises before the expiration of the year. Held, that a finding that there was not a failure of consideration for the notes was proper.

Promissory Note—Bona Fide Holder.—Where There was Sufficient Evidence of plaintiff's ownership of the notes in suit, and the court found against the defendants on the only defense set up by them, error of the court in finding that plaintiff came into possession of the notes without notice of equities in favor of defendants was harmless.

Promissory Note—Conditional Delivery.—Error in Rejecting Certain Evidence as to the conditional delivery of a note was cured by the subsequent admission of all facts tending to show the real consideration for the note.

Promissory Note—Failure of Consideration—Evidence.—Where the makers of notes resisted payment on the ground of failure of consideration, evidence to vary the terms of the notes, which in no way related to consideration, was properly excluded.

APPEAL from Superior Court, Fresno County; E. W. Risley, Judge.

Action by the Easton Packing Company against J. W. Kennedy and others. From a judgment in favor of plaintiff and from an order denying a new trial defendants appeal. Affirmed.

Harris & Hubbard and George L. Warlow for appellants; Frank Kauke and A. M. Drew for respondent.

CHIPMAN, C.—Action on two promissory notes. The complaint was dismissed as to defendant Pool. Plaintiff had judgment against defendants Kennedy and McCormick, from which, and from the order denying motion for new trial, they appeal. The notes in suit were executed by defendants, and delivered to one Summers, the payee, October 30, 1893, and each was for·$385, due one year from date, and provided for payment of a reasonable attorney's fee and expenses of suit, if sued upon. Plaintiff became the holder and owner of the notes, as found by the court, January 19, 1897. Defendants, in a separate defense, alleged that it was agreed that the notes were "payable only in the event that the purchasers of certain real property, that day (October 30, 1893) conveyed to certain parties by these defendants, should make

the payments for said property as stipulated in the agreement of purchase and sale and the mortgage for the purchase price of said premises, in which sale the said Summers had assisted''; that the true and only consideration for the notes was the payment to be made by the purchasers of said property.; that before the maturity of the notes sued on the purchasers abandoned it, surrendered possession to defendants, and refused to continue in possession of the property under the agreement of purchase or to make any payments; that the consideration for said notes has wholly failed. The court found that Summers rendered service to defendants Kennedy and McCormick in negotiating and assisting in a sale and in securing purchasers for certain real estate belonging to Kennedy and McCormick, and the notes sued on were executed for and in consideration of said services so rendered, and said services were rendered and fully performed at and prior to the execution of said two notes on the said thirtieth day of October, 1893. And said notes were payable one year after their said date, and were so payable without regard to the payments to be made by the said purchasers of said real property. The court found against defendants on the special defense pleaded, and finds that the consideration for the notes had not failed.

The evidence showed that the notes represented Summers' commission for finding purchasers for the Kennedy and McCormick land. He found the purchasers, and the sale was made, the vendees taking a deed. They assumed the payment of a mortgage resting on the land for $4,000, and gave their notes and mortgage for the balance of the purchase price, the first notes falling due two years after date, or one year after the notes in question became due. The remaining ten equal payments matured at annual intervals of one year, the last being twelve years from date. Defendants seem to have abandoned the special defense set forth, and relied on evidence that the consideration was that the vendees of the land should remain on it for at least one year, and within that time make certain improvements, of a value not less than the notes given to Summers. Kennedy and McCormick testified that such was the consideration for the notes. Summers was called as a witness for defendants. He was not asked by defendants as to the consideration of the notes nor as to the alleged agreement. On cross-examination he testified:

"These two notes came through a land transaction for commission. At the time of the delivery of these notes there was nothing further that I had to do. As far as I had to do the sale was complete, but there was a stipulation—a verbal agreement—" The witness was interrupted by plaintiff's counsel at this point, and. was told that he had not asked him as to any agreement, and this witness for some reason was not interrogated by either party as to the consideration for the notes, although he was a party to the alleged agreement that they were not to be paid unless the work referred to was performed. There was evidence tending to show that the vendees of defendants plowed about one hundred acres of the land, and that this was worth $2.50 per acre; that they made some improvements thereon, erected some buildings of uncertain value, dug a half mile of drainage ditch, costing $75, and erected a levee of about same length, costing forty cents a rod. There was some question as to whether the work was judiciously made, and benefited the land to the extent of its cost. But the alleged agreement proven may fairly apply to work done, and not to its ultimate value to the property. It appeared, also, that the vendees left the ranch before the first year expired, and refused to return to it when requested by defendants; and defendants thereupon, on November 8, 1894, a few days after the notes here in suit were due, and without the consent of the holders of the notes, took a reconveyance of the property from the purchasers, and canceled their notes and mortgage, and allowed the vendees to remove the buildings from the land. What became of the vendees' obligation to pay the prior mortgage is not shown, and so far as appears they are still liable for that amount, and defendants have the benefit of the agreement to pay this amount. It appears, also, that while Summers held the notes it became necessary for him to raise $200, which he was enabled to do by procuring the individual indorsement of one Rowell, then president of plaintiff company, and delivered the notes in suit to Rowell as collateral security, and he delivered them to the bank that furnished the money, with the note signed by Summers as principal and Rowell as surety. Before Rowell consented to become surety for Summers, he spoke to defendant McCormick, one of the owners of the land, about the notes in suit. Rowell testified: "Before I took these notes at all, I saw McCormick in regard to them, and asked

him if the notes were all right. He said they were, and if it hadn't been for that I never should have taken them. Had no knowledge or information of the notes prior to that time. Had no other information than what I got from McCormick at that time." He further testified that McCormick explained to him that the notes were given to Summers "as commission on a land trade"; that he asked him if there was any condition, and McCormick said that Summers was to keep the notes until a certain amount of work was done on the land, "and that the work was done, and more too." Defendants paid $114.29 on this note, which was credited on the notes in suit by the court.

Conceding that defendants showed that the consideration for the notes was the doing of certain work by the vendees of defendants, and that the vendees would remain on the property one year, the evidence is sufficient to warrant the trial court in its finding that the consideration had not failed. I do not think the fact that the vendees left the land before the expiration of the year shows failure of consideration; the essential thing to defendants, as guaranty of good faith in making the purchase, was that the vendees should expend an amount of money on the land at least equal to the commissions paid to Summers. They did the work, but concluded to give up the place, and defendants consented that they should do so, and took a reconveyance, and canceled the mortgage.

Appellants claim that the findings that plaintiff came into possession of the notes on January 19, 1897, as owner and holder, without notice of any defense by the defendants, is not justified by the evidence. Conceding that plaintiff took its title to the notes subject to all the equities of the makers, the evidence supports the findings of the court against the only defense set up by defendants, and it is therefore immaterial whether or not plaintiff had notice, and, if the court erred in finding that plaintiff had no notice of any defense claimed by defendants, the error was harmless. There is sufficient evidence of plaintiff's ownership of the notes.

Error is claimed in rejecting certain of defendants' offered evidence relating to the alleged conditional delivery of the notes to Summers. The points raised would be worthy of attention if it did not appear from the record that defendants succeeded in getting before the court all the facts

bearing upon the question of the consideration for the notes. We have carefully examined the alleged errors, and, conceding error, we find them cured by the unrestrained admission of all the facts tending to show what the consideration was. Evidence tending to vary the terms of the note, not related to the question of consideration, was properly excluded. We advise that the judgment and order be affirmed.

We concur: Cooper, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.