[Civ. No. 926.    First Appellate District.—March 1, 1912.]

F. KNOBLOCH, Respondent, v. F. BADER, W. WORS-WICK and J. WORSWICK, Copartners, etc., et al., Appellants.

ACTION UPON NOTES—CONSIDERATION—DEED OF GRAVEL LAND—ASSIGN-MENT OF OTHER ASSIGNED RIGHTS—ABSENCE OF FRAUD.—In an action upon two notes, the consideration of which was, *in solido,* a deed of gravel land from the payee and an assignment of such other rights as the payee had taken only by assignment from other contracting parties, it is held that there was no deceit or fraudulent representation as to the duration of one of such assigned rights, and where it appears that the maker was permitted to work gravel thereon for one year, it cannot be maintained that there was any failure of consideration for the notes, in whole or in part.

APPEAL from an order of the Superior Court of Fresno County denying a new trial.    H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellants.

E. S. Van Meter, and N. C. Coldwell, for Respondent.

KERRIGAN, J.—This is an appeal from an order denying defendants' motion for a new trial in an action on two certain promissory notes.

The case was thus: On the nineteenth day of April, 1904, the plaintiff made and executed a deed of certain described real estate containing gravel; also an assignment of all right which the plaintiff had to take gravel from certain lands of the Pacific Improvement Company at a place called Pollasky, by virtue of a contract between one T. W. Pratt and said company; and also all the right that the plaintiff had under a certain verbal contract with one J. M. Braly to take gravel from described lands opposite Pollasky. In partial consideration of the deed and assignment, the defendants executed and delivered to the plaintiff two promissory notes—the subject of this action.

Defendants set forth in their pleadings, and now claim, that plaintiff represented to them that he had an assignment from Pratt of a right granted him by the Pacific Improvement Company to remove gravel from their lands for a period of two years in such quantities as he might desire; that this representation was fraudulently made, Pratt's right to remove gravel not being in fact for any definite period; that it was upon the strength of this false and fraudulent representation, and upon no other consideration whatever, that defendants accepted the said deed and assignment and made the said promissory notes.

The court found against the defendants' position, which finding, upon an examination of the record, we conclude is amply supported by the evidence.

In the course of the negotiations there evidently was something said to the effect that plaintiff's interest in the lands of the Pacific Improvement Company was for the period of two years; but plaintiff did not, as is asserted by defendants, pretend or represent that he had a definite arrangement for that length of time. On the contrary, according to the testimony introduced by the plaintiff, he told the defendants that he was selling them only such interest as Pratt had transferred to him in said gravel land at Pollasky. The attorney who drew up the papers in the transaction for the parties testified that the plaintiff, in the presence of defendant Bader, referring to his interest in the land, said: "I do not know just exactly what

it is, . . . whether a contract or a lease; I do not know just what it is, but it is some kind of an agreement that Pratt has with the Pacific Improvement Company to take gravel from the land for two years.'' At this time Pratt was on his death-bed and unable to be seen, and apparently the parties were unable to learn just what the nature and extent of Pratt's interest in this land was; but the plaintiff nevertheless gave the defendants all the light he could on the subject, and they knew as much about it as he did himself. Hence it is plain that he practiced no deceit upon them.

On the point of failure of consideration, in addition to the three property rights transferred as above mentioned, there were two others, and they all passed as one consideration *in solido;* and the defendants, according to the evidence intro-duced by plaintiff, having received just what they bargained for, and having removed gravel from the property of the Pacific Improvement Company for about a year under the Pratt lease or license, we cannot conceive how it can be suc-cessfully contended that the transaction was without consid-eration.

Having come to this view on the evidence in the case, it is unnecessary to discuss the questions as to whether or not de-fendants' pleadings and evidence allege and prove facts show-ing a rescission by them.

The order appealed from is affirmed.

Hall, J., and Lennon, P. J., concurred.