## EMERSON-BRANTINGHAM COMPANY, a Corporation v. D. V. BRENNAN.

### (159 N. W. 710.)

**Negotiable instrument act — national commission — uniform laws — note — payable to order — not indorsed — third person — into hands of — by assignment — defenses — subject to — original payee — against.**

1. Under the Code of North Dakota and the negotiable instrument act as adopted by the National Commission on Uniform State Laws, a note which is payable to order, and which has not been indorsed, and has come into the hands of a third person by assignment merely, is subject to any defenses which could have been interposed against the original payee.

**Note — maker — damages — recoupment — against payee — against assignee.**

2. Damages which might have been recouped by the maker of a promissory note in an action against him by the original payee may be also recouped against a mere assignee thereof.

**Consideration — absence of — failure of — defense — holder in due course.**

3. Absence or failure of consideration for a note is a matter of defense as against any person not a holder in due course, and a partial failure of con-

---

Note.—The right of a transferee, without indorsement, of a bill or note payable or indorsed to the order of transferrer, to protection as a bona fide purchaser, is discussed in a note in 17 L.R.A. (N.S.) 1105, in which the rule is set forth in accord with the case above, that a note transferred by the payee without indorsement is subject, in the hands of the transferee or any subsequent holder, to all the equities existing in favor of the maker against the payee.

sideration is a defense *pro tanto* whether the failure is an ascertained and liquidated amount or otherwise.

**Promissory note — suit on — consideration — transfer of land — contract — pleading — demurrer — payee.**

4. Where a person sued on a promissory note seeks to prove that part of the consideration thereof was that the payee should purchase and obtain the transfer to him of a certain piece of land, and alleges these facts in a special plea, and the added fact that by reason of the payee's failure to perform his part of the agreement the consideration of the note has failed to the amount of $1,000, such plea will sustain proof of such contract, and loss and is not vulnerable to a demurrer on the ground that the terms on which the payee was to purchase the property, or the value of the property, or its value at the time of its sale, or the compensation to be paid to the payee, if any, are not stated.

**Note — consideration — plea — failure in part — contract — breach of — affirmative relief — defense only — plea of recoupment — set-off.**

5. A plea which alleges that the consideration of a note has failed to a certain amount by reason of the breach of one of the terms of its delivery by the payee, but which does not ask for affirmative relief, must be looked upon as a defense or plea of recoupment, and not as a set-off.

### On Petition for a Rehearing.

**Revised Code — non-negotiable note — counterclaim — unliquidated — another contract — growing out of — notice of assignment — prior to.**

6. Under the provisions of §§ 7396 and 7449 of the Compiled Laws of 1913, if C buys from B a non-negotiable note which is made by A to B, A can counterclaim against C an unliquidated claim arising out of another contract but prior to any notice of the assignment in question.

**Complaint — counterclaim — damages — failure to convey land — demurrer.**

7. A complaint or counterclaim which asks to recover damages for the failure to convey land is sufficient as against a demurrer if it merely alleges a promise to convey, and that the plaintiff was damaged by the breach thereof in an amount stated. Such damages are general, and need not be specially pleaded.

Opinion filed May 22, 1916.   Rehearing denied October 12, 1916.

Action to recover on a promissory note.

Appeal from the District Court of Ramsey County, *C. W. Buttz,* J. Judgment for plaintiff.   Defendant appeals.

Reversed.

Statement of facts by BRUCE, J.

This is an action brought by the assignee of a promissory note to recover against the maker thereof. The amended complaint alleged:

"(1) That the plaintiff now is and at all the times hereinafter mentioned has been a corporation duly organized and existing under and by virtue of the laws of the state of Illinois, and licensed to transact business within the state of North Dakota.

"(2) That heretofore and for valuable consideration the defendant made and delivered to one Robert W. Madeford, his certain promissory note dated January 17, 1912, wherein he promised to pay to the order of the said Robert W. Madeford, for value received, on October 1, 1912, the sum of $700, with interest at the rate of 8 per cent per annum from date until paid.

"(3) That thereafter and before the maturity of said note, for a valuable consideration, the said Robert W. Madeford, sold, assigned, transferred, and delivered said note to the Gas Traction Company, a foreign corporation, having its principal place of business in the city of Minneapolis, Minnesota; and thereafter, for a valuable consideration, the said Gas Traction Company, sold, assigned, indorsed, and delivered said note to the plaintiff, which has ever since been and now is the owner and holder thereof.

"(4) That no part thereof has been paid.

"Wherefore plaintiff demands judgment against the defendant for the sum of $700, with interest thereon at the rate of 8 per cent per annum from January 17, 1912, and costs of suit."

The amended answer was as follows:

"(1) The defendant in this action admits paragraphs 1 and 11 of the complaint.

"(2) He alleges that he has not sufficient knowledge or information to form a belief as to whether the note described in paragraph 2 before the maturity of the same was sold, assigned, or delivered to plaintiff, but alleges on information and belief that the same was not indorsed to the plaintiff prior to the commencement of this action, and alleges that the plaintiff is not a bona fide holder of said note in due course.

"(3) For a counterclaim in this action against the said Robert W. Madeford, payee of said note and against plaintiff (said note),

this defendant alleges that as an inducement held out by the said Madeford, to purchase from him the west half of section thirty-two (32), township one hundred sixty-three (163), range sixty-six (66), the said Madeford agreed to and did become the defendant's agent to purchase for him the northwest quarter of section five (N.W.$\frac{1}{4}$ 5) in township one hundred and sixty-two (162), range sixty-six (66), in Towner county, N. D., and to procure the title for defendant; that relying upon said inducement and said Madeford's promise to do so, and as part consideration therefor, defendant purchased said west half of section thirty-two aforesaid, from said Madeford, that afterwards and prior to the alleged transfer or assignment of said note for $700 herein, and prior to any notice to defendant of such alleged transfer or assignment, said Madeford refused to act as defendant's agent in the purchase or procuring title to said northwest quarter of section five (N.W.$\frac{1}{4}$ 5) in township 162, range 66, for defendant, and that afterwards and prior to the commencement of this action, the said Madeford obtained title to said northwest quarter of section 5 in township 162, range 66, in his own name, and, as defendant is informed and believes, sold and disposed of the same; that said Madeford thereby became trustee for said defendant in regard to said land, and that by reason of his refusal and failure to act as agent for defendant in procuring title to said land as above set forth and by reason of said Madeford's sale and disposal of said land (N.W.$\frac{1}{4}$ 5-162-66) defendant has been damaged in the sum of $1,000 by which amount the consideration for said agreement in regard to the land in section thirty-two (32), aforesaid, has failed."

Then there followed another or fourth paragraph which was identically the same as the third, with the exception that the word "defense" instead of counterclaim was used in the first line thereof. Then followed a prayer for a judgment dismissing the action, with costs.

To this answer a demurrer was interposed on the ground "that the alleged counterclaim contained in the defendant's amended answer does not state facts sufficient to constitute a cause of action or a counterclaim in favor of the defendant and against the plaintiff. Our position is that the defendant cannot interpose a counterclaim; that the statute which counsel has read, namely, Comp. Laws 1913, § 6943, provides, 'In the hands of any holder other than a holder in due

35 N. D.—7.

course, a negotiable instrument is subject to the same defenses as if it were non-negotiable.' There is not one word or syllable there concerning counterclaims; it is not therefore subject to counterclaim, and our statute on the subject of counterclaim is clear upon that point. I make the further proposition that the damages attempted to be set off are unliquidated and uncertain. If the paragraph of the defendant's answer which has been amended constitutes anything at all, it constitutes an attempt to set up a defense as against the collection of the note, and is not a counterclaim; that is, it is unliquidated—unfixed in amount, and it is not a defense or subject to be pleaded as a defense in this action. There is nothing in the answer as a basis for determining any damages, even though unliquidated damages were the proper subject of set-off, it not being alleged in the answer on what terms the said Madeford was to act as agent for the defendant,—on what terms he was to purchase the property referred to, the value of the property at the time of its purchase, the value at the time of its sale, the compensation to be paid the said Madeford or any other of the necessary elements of damages to be alleged in order to leave the defendant open to proof of any damages. The plaintiff does not wish this ground of objection to be understood as waiving in any way its claim that unliquidated damages are not a proper subject of set-off." This demurrer was sustained, and the defendant not having asked leave to amend his answer, or taking further action, the plaintiff then introduced his evidence, and at the close thereof defendant asked for a verdict on the ground "that the plaintiff had failed to show ownership in the note; that the defendant's answer is a sufficient defense to the amount of the note is admitted by the demurrer, and is a valid defense and counterclaim, and for the further reason that the note in suit is not properly identified by any proof in this action as being the property of the plaintiff." The court then denied this motion for a directed verdict, and, on a motion being made by the plaintiff for one in its favor, the same was granted. Defendant then moved for judgment notwithstanding the verdict, and, the motion being denied, has appealed to this court.

*M. H. Brennan* and *D. V. Brennan,* and *Theodore Koffel,* for appellant.

The note in question, being non-negotiable, is subject to the same defenses as any other chose in action, and as negotiable paper, subject to all equities between the original parties. The note is payable to order, but not indorsed by payee. Plaintiff holds merely as assignee. Rev. Codes 1905, §§ 6360, 6808, Comp. Laws 1913, §§ 6943, 7396; Comp. Laws 1899, § 5222; Carter v. Joseph, 48 Mich. 615, 12 N. W. 876.

In the matter of damages for failure to comply with a contract for the sale of realty, the law fixes the measure of damages, and they are capable of ascertainment; the question of value being on the same principle as any value of goods sold without an agreement as to the price, or *quantum meruit* in labor cases. Tidewater Quarry Co. v. Scott, 105 Va. 160, 115 Am. St. Rep. 864, 52 S. E. 835, 8 Ann. Cas. 736; McHard v. Williams, 8 S. D. 381, 59 Am. St. Rep. 766, 66 N. W. 930; 34 Cyc. p. 698, note 33; Rev. Codes 1905, § 3261, Comp. Laws 1913, § 4325; Speers v. Sterrett, 29 Pa. 192; Appleby v. Burrett, 28 Pa. Super. Ct. 349; Bryce v. Parker, 11 S. C. 337.

Such damages are a proper subject of set-off, against a note in the hands of a mere assignee. Hunt v. Gilmore, 59 Pa. 450; Russell v. Miller, 54 Pa. 154; 34 Cyc. 700, notes 35, 36; Parsons v. Sutton, 66 N. Y. 92; Empire Transp. Co. v. Boggiano, 52 Mo. 294; Morrison v. Lovejoy, 6 Minn. 319, Gil. 224; Bidwell v. Madison, 10 Minn. 13, Gil. 1; Bliss, Code Pl. § 379; Pom. Code Rem. § 798; St. Louis Nat. Bank v. Gay, 101 Cal. 286, 35 Pac. 876.

Defendant has the right to set off against an assignee of a non-negotiable note or claim, any claim which he might have had against the assignee, arising also on contract. Michigan Stove Co. v. Pueblo Hardware Co. 51 Colo. 160, 116 Pac. 342; Davis v. Rawhide Gold Min. Co. 15 Cal. App. 108, 113 Pac. 898.

Defendant can also counterclaim against the assignee, any just claim he held against the payee or original party, existing prior to the assignment. Mascarel v. Lynch, 165 Cal. 476, 132 Pac. 1036; Sheafe v. Hastie, 16 Wash. 563, 48 Pac. 246.

The defendant's evidence is entirely sufficient. Plaintiff has shown no right to hold or collect the note in question, and it being non-negotiable, and a defense being made, the failure to show the amount

due on the principal obligation is fatal. Security Bank v. Kingsland, 5 N. D. 263, 65 N. W. 697.

Where a pleading is only attacked by motion or objection to the introduction of evidence on the trial, it will be construed more liberally in favor of the pleader than when attacked by demurrer. Christofferson v. Wee, 24 N. D. 506, 139 N. W. 689, and cases cited; Watson v. McLench, 57 Or. 446, 110 Pac. 482, 112 Pac. 416.

*Henry G. Middaugh* and *Rollo F. Hunt,* for respondent.

A counterclaim must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action. Comp. Laws 1913, § 7449; Merrick v. Gordon, 20 N. Y. 93.

Mere collateral or independent agreements cannot be set up as counterclaims. American Gas & Ventilation Mach. Co. v. Wood, 90 Me. 516, 43 L.R.A. 449, 38 Atl. 548; 34 Cyc. 623–625.

A set-off can only take place in actions on contracts for the payment of money, while a recoupment is confined to matters arising out of and connected with the transaction or contract upon which the suit is brought, and regardless of whether they are liquidated or unliquidated, and this right was given by the common law. Christofferson v. Wee, 24 N. D. 506, 139 N. W. 689; 2 Estee, Pl. 3d ed. § 3364; 34 Cyc. 682; Northwestern Port Huron Co. v. Iverson, 22 S. D. 314, 133 Am. St. Rep. 920, 117 N. W. 372; Comp. Laws 1913, § 6943; 8 Cyc. 62.

Counterclaims and set-offs are of statutory origin while recoupment was known to the common law.

Reason and justice require that "defenses" be limited to recoupment or at most to liquidated set-offs. 34 Cyc. 642, 643.

A set-off must be liquidated while a recoupment may or need not be. 34 Cyc. 696; Winder v. Caldwell, 14 How. 434, 14 L. ed. 487.

In this case the standard for the measurement of damages is the difference between the cost and the value of the land. But in their pleading—their so-called counterclaim—there is no allegation touching these matters, and an objection at the trial is sufficient. Strehlow v. McLeod, 17 N. D. 457, 117 N. W. 525, 17 Ann. Cas. 423.

BRUCE, J. (after stating the facts as above). The main question to be determined is whether the trial court erred in sustaining the demurrer to the answer. It is perfectly clear to us that the defense, if properly pleaded, could be interposed as against the plaintiff. Although the note was a negotiable instrument in form, it was assigned to the plaintiff, and not negotiated. Section 7396 of the Compiled Laws of 1913, provides that "in the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due." Section 6943 provides that "in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect to all parties prior to the holder."

It was admitted by the demurrer that the note had been made payable to Robert W. Madeford, but was not indorsed by him when transferred to the plaintiff. It was therefore to that extent non-negotiable, and the plaintiff took it subject to all of the defenses which could have been interposed if the suit had been brought by the original payee.

It is not necessary even to go to cases for authority. "In order that one may be a holder in due course it must have been negotiated to him." Section 6937 Compiled Laws of 1913. "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferree the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery." (Comp. Laws 1913, § 6915.) "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable." Comp. Laws 1913, § 6943.

Nor is there any merit in the contention that the claim or amount for which the defendant seeks to recoup is not liquidated. No matter what is or may have been the rule in cases of set-off, the damages in

recoupment are not required to be liquidated. 34 Cyc. 643; Hatchett v. Gibson, 13 Ala. 587; Sedgw. Damages (1st ed.) 461.

The term "recoup," says the supreme court of New York in Ives v. Van Epps, 22 Wend. 155, is synonymous with defalk or discount. It "is now uniformly applied where a man brings an action for breach of a contract between himself and the defendant; and the latter can show that some stipulation in the same contract was made by the plaintiff, which he has violated, the defendant may, if he choose, instead of suing in his turn, recoup his damages arising from the breach committed by the plaintiff whether they be *liquidated* or not."

Not only is this the general law, but § 6913, Comp. Laws 1913, expressly provides that "absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and *liquidated* amount or otherwise."

Nor is there any merit in the contention that the plea was vulnerable to a demurrer because it did not state "on what terms the agent Madeford was to purchase the property for the defendant, the value of the property at the time of the purchase, the value at the time of its sale, the compensation to be paid the said Madeford, or any other of the necessary elements of damages to be allowed in order to leave the defendant open to proof of any damages."

The Code provides that pleadings are to be liberally construed, and the answer clearly admits of the construction that no compensation for damages were agreed to be paid, but that such services were to be a part of the consideration of the note. While as far as the value of the land and the price that defendant was to pay for it are concerned, these were evidentiary matters merely. The answer alleged that the amount of the consideration had failed to the extent of $1,000, and this was sufficient at any rate against a demurrer. See Guild v. More, 32 N. D. 432, 155 N. W. 48.

Nor is it necessary for us to determine whether the claim of the defendant was a proper subject of counterclaim or set-off. In no part of the answer, indeed, was a set-off pleaded. Paragraph 4 was clearly merely a plea in recoupment, and though the general term "counterclaim" was used in paragraph 3, since no prayer for affirmative relief was asked and the plea merely alleged that the consideration

had failed to the amount of $1,000, a defense merely was pleaded, or what would more properly be termed facts in mitigation of damages. Failure of consideration, it is true, must be specially pleaded, but here there was a special plea.

It follows from the above that the trial court erred in sustaining the demurrer to the defendant's amended answer. The judgment of the District Court is, therefore, reversed, and the cause remanded for further proceedings according to law.

On Petition for Rehearing filed October 12, 1916.

· BRUCE, J.  A petition for rehearing has been filed in which, among other things, it is claimed that the decision of the court is based upon "the fact wrongly assumed, that the matter set forth in the answer constitutes what is known as a recoupment." It is claimed that there is no allegation in the answer that any of the transactions mentioned in the answer formed the consideration of the note, and that the record also negatives this fact.

We think, however, counsel is in error in so far at least as the record is concerned. This seems to disclose that Brennan had purchased from Madeford the W.$\frac{1}{2}$ of section 32, twp. 163, R. 66, and had given him in part payment a deed to a brick building in Devils Lake. There was then some question raised by Madeford about some back payments due on this building to a certain building and loan association. · Brennan then took back the brick building, and in its place gave Madeford the $700 note and a deed to another house. It is clear to us that this evidence can only be construed in one way, and that is that the consideration of the giving of the note and the transfer of the new building was the transfer of the W. $\frac{1}{2}$ of section 32, and the promise of agency mentioned.

There is merit, however, in plaintiff and respondents' contention that these facts were not pleaded, and that the counterclaim or further defense (for the counterclaim was both pleaded as a counterclaim and as a further defense) nowhere stated that the promise of agency was in any way a consideration for the note, and that therefore the counterclaim was demurrable if intended to be pleaded for the purposes of recoupment. If this were all there were to the matter, we would be

inclined to think that the verdict was properly directed for the plaintiff, as the answer had elsewhere admitted that the note was given for a valid consideration.

It is, however, claimed, and we think with merit, that the plea could properly be considered as an independent cross demand or set-off, and, such being the case and even though no affirmative judgment was prayed for, yet if the same was pleaded both as a set-off and as a defense, we believe that the defendant would be entitled to a set-off to at least the amount of the claim against him, if damages to that amount were shown, that is to say, if the matter was one of set-off at all, and if it was otherwise properly pleaded.

The controversy before us arises not between the original parties, but between the original maker of the note and the assignee thereof. The question is, If I buy from B a non-negotiable note which is made by A to B, can A counterclaim (not recoup) against me an unliquidated claim arising out of another transaction, but prior to any notice of the assignment in question?

We think he may. Section 7396 of the Compiled Laws of 1913 provides that "in the case of an assignment of a thing in action the action by the assignee shall be without prejudice to any set-off or other defense existing at the time or before notice of the assignment." It will be noticed that in this section the technical word "set-off," and not recoupment, or even counterclaim, is used, and we think that the word is used advisedly.

The term set-off includes any right of action arising out of contract or ascertained by the decision of the court and existing at the commencement of the action. Phillips, Code Pl. § 254; 7 Words & Phrases 6444; Abbott's Law Dict.

The reason indeed for recoupment or set-off at all is the avoidance of a multiplicity of actions, and the theory on which an off-set is allowed against the assignee of a chose in action is that he has merely purchased an obligation or a promise, and that, if outstanding against that promise is still another, the two should in all justice be counterbalanced.

There is yet another question to determine, and that is whether the claim must have been liquidated. On this there is some conflict among the authorities. "Some courts," says Mr. Phillips, "have held that unliquidated damages arising out of contract may be the subject of

set-off, while others hold that set-off must be restricted to liquidated demands. Perhaps the weight of authority, and the better reason, are in favor of allowing unliquidated damages to be made the subject of set-off in the absence of statutory provision to the contrary." See Phillips, Code Pl. § 254.

Again in Bliss on Code Pleading, we find the following: "It is an interpolation to add to the express authority to counterclaim 'any other cause of action arising also on contract' the proviso that the action or the counterclaim shall be for the recovery or counter-recovery of liquidated damages." Bliss, Code Pl. §§ 378, 379.

We agree with the conclusion of the last writer that for us to insert in § 7449, and before the word "contract," the word "liquidated" (and this we must do in order to sustain the contention of the plaintiff), would be for us to legislate upon the subject, and this we can hardly do.

We must bear in mind that we are construing the provisions of the new Code of Civil Procedure, and not the common law. We cannot help but believe that in making that revision the unqualified word set-off was used advisedly, and that if the legislature had intended that the demands should have been liquidated they would have said so. Pom. Code Rem. 3d ed. §§ 737, 742.

In saying this we are not unmindful of the *dicta* of Chief Justice Spalding in the case of Christofferson v. Wee, 24 N. D. 506, 139 N. W. 689, in which he may seem to have intimated that a set-off must be liquidated. In the case, however, the chief justice was not construing the word "set-off" as used in our present statute, but was merely stating what the common law was upon the subject.

But was the plea sufficiently definite in its allegation of damages? In other words was it vulnerable to the objection that "there is nothing in the answer as a basis for determining any damages, it not being alleged on what terms the said Madeford was to act as agent for the defendant—on what terms he was to purchase the property referred to, the value of the property at the time of its purchase, the value at the time of its sale, the compensation to be paid the said Madeford, or any other of the necessary elements of damages to be alleged in order to leave the defendant open to proof of any damages."

We think it was not, and though the plea refers to some matters outside of itself, these references are not necessary and may be looked

upon as surplusage. It certainly shows a contract to purchase and a purchase from Madeford by the defendant Brennan of the N. W. ½ of section 32, and as a part consideration of such purchase, the promise of Madeford to act as defendant Brennan's agent in the purchase of the N. W. ¼ of section 5, and to procure the title thereto.

It also clearly alleges a breach of this agreement on the part of Madeford, and alleges that the defendant's damages arising therefrom amounted to the sum of $1,000. This we believe to be sufficient, and the reference to section 32 may be considered as surplusage except in so far as the purchase of the land in section 32 served as a consideration for the promise in regard to the land in section 36.

The allegation of damages, too, we deem to be sufficient. No special damages indeed are required to be pleaded, as in such a case as this the statute fixes the measure. That statute is as follows:

Comp. Laws 1913, § 7151. "The detriment caused by the breach of an agreement to convey an estate in real property is the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach and the expenses properly incurred in examining the title with interest thereon, and in preparing to enter upon the land and the amount paid on the purchase price, if any, with interest thereon from the time of the breach."

Not only is this so, but general damages are nowhere required to be specially pleaded, and the damages which can be recovered in this case and which are the difference between the value of the land and the amount agreed to be paid therefor are certainly general damages. A bill of particulars might perhaps have been asked in the case, and the value agreed to be paid, and the worth of the land have been thus required to be given, but the agreement at least was sufficiently pleaded, and the general allegation of a damage of $1,000 was certainly sufficient as against the demurrer.

The petition for a rehearing is denied.