[Civ. No. 4914. First Appellate District, Division Two.—December 13, 1924.]

CHARLES ARNOIS, Respondent, v. RAYMOND BELL, Appellant.

[1] SALES—RESERVATION OF TITLE—RECOVERY OF UNPAID BALANCE—TENDER OF BILL OF SALE NOT CONDITION PRECEDENT.—Where a contract for the sale of an article of personal property is evidenced by a writing, describing the article sold, reciting the amount of the purchase price, payable in specified installments to be evidenced by promissory notes, and the contract recites that "It is further agreed and understood that the above-described goods are to remain the property of" the seller "until payment has been made in full," and such notes are executed and delivered to the seller and possession of the article sold is delivered to

the buyer, who subsequently defaults in the payment of certain of said notes, the seller is not required to tender to the purchaser a bill of sale of the property sold as a condition precedent to demanding payment of the balance of the purchase price (after all .said notes have become past due and payable), before the seller's cause of action to recover such balance is perfected.

[2] ID.—PAYMENT—TRANSFER OF TITLE—BILL OF SALE UNNECESSARY. Under such a contract, upon payment of the purchase price in full, either voluntarily or as the result of legal proceedings to enforce the same, the title passes out of the seller into the purchaser by operation of law, and a bill of sale is not necessary to satisfy the legal requirements of transfer of title.

(1) 35 Cyc., p. 706, n. 7.   (2) 35 Cyc., p. 671, n. 43.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore M. Stuart for Appellant.

David G. Saunders for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him in an action to recover the unpaid balance upon the purchase price of a certain X-ray dental unit sold to the defendant.

[1] The transaction between the parties was evidenced by a writing, describing the article sold, reciting that the purchase price was to be $845, payable in monthly installments of $50 each, to be evidenced by promissory notes. The following clause then appears in the contract: "It is further agreed and understood that the above described goods are to remain the property of Charles Arnois until payment has been made in full."

The notes provided for in the contract were executed and delivered by the defendant to the plaintiff. Several of these notes had been paid and all the others were past due and payable at the time plaintiff brought the action in which he sought to recover upon all the unpaid notes. The trial court found that the "plaintiff had done and performed all the acts which by the terms of any agreement between the plaintiff and the defendant the said plaintiff agreed to do or perform; and that there now remains no act to be done or

performed by the plaintiff which he agreed either in writing or orally or at all to do or perform.''

The only point made upon the appeal is that the plaintiff should not have recovered because he failed to allege and prove that he had tendered to the defendant a bill of sale of the property in connection with his demand for payment of the balance due; that in failing to make such tender, plaintiff failed to perform an act required of him by the terms of the contract. The findings recite that plaintiff did not make such tender and that defendant did not waive the same. The question thus presented is: Whether or not under the clause of the contract above quoted, plaintiff was bound to offer a bill of sale as a condition precedent to demanding payment of the balance of the purchase price, before his cause of action was perfected.

The cases cited by appellant deal with the title to real property, and in such cases the reason for the offer of a deed is obvious, that being the only method by which title can be passed. But there is no provision of law that requires the title of personal property such as is involved here to be transferred by formal bill of sale. The contract provided that the title to the property remain in the vendor *until* payment for the same was made in full. The defendant was given possession of the property. [2] Upon payment of the purchase price in full, either voluntarily or as the result of legal proceedings to enforce the same, the title would pass out of the vendor into the vendee by operation of law. A bill of sale was not necessary to satisfy the legal requirements of transfer of title after payment of the purchase price and we find no provision of the law entitling defendant to demand such an instrument in the absence of an agreement to furnish the same. In the event of payment in full, defendant had the right to demand a receipt (sec. 1499, Civ. Code), and such receipt, showing payment in full, taken in connection with the provision of the contract above quoted, would furnish evidence of title to the property. There is no evidence before us that he asked for a receipt or that he asked for a bill of sale as a condition of paying his obligation, or that he was ready to pay the amount he owed under any reasonable condition. The last note of defendant was due in September, 1922, and action was not filed until March, 1923, during which time defendant refused payment of all the past-due notes, aggregating more than $500 and con-

tinued in possession of the X-ray machine. There appears to be no merit in the appeal.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.