[Civ. No. 6700. Second Appellate District, Division One.—August 27, 1931.]

W. J. KING, Respondent, v. ROLLAND R. MORELAND, Appellant.

Derthick & Hull and W. J. Cusack for Appellant.

F. H. Bowers for Respondent.

HOUSER, J.—From the record presented on this appeal it appears that for the sum of $4,250 defendant purchased from plaintiff's assignor a two-thirds interest in "one ambulance, all the furnishings and equipment located down stairs at 1011 North Wilmington street, Compton, California, and all outstanding contracts with any person, corporation, or municipality, the subject of which are the performance of duties connected with the undertaking business, which the said lessor has this day entrusted to the care of the undersigned". In payment thereof, defendant executed what is entitled a "purchase lease", which in effect was an installment promissory note for the sum of $4,000, to which was annexed a conditional sale contract of the property hereinbefore mentioned and which contract contained several statements and conditions, including the fact that the "lessor has agreed and promised that upon the payment of said note . . . it will sell and transfer" to defendant the ambulance and other property described in said instrument. Thereupon defendant paid a portion of the principal of said note and went into, and at all times thereafter remained, in exclusive possession of the property, with the exception that the ambulance, which was of the value of $475, and certain other personal property of the value of $100, were thereafter "repossessed" by other persons who asserted and apparently established title thereto. However, defendant never rescinded the contract. The balance remaining due on said obligation not having been paid, plaintiff (to whom said "purchase lease" had been assigned) brought an action against defendant, which resulted in a judgment in favor of plaintiff for said balance, interest thereon and attorney's fees according to the terms of the contract, less a credit of two-thirds of the value of the ambulance and the other personal property of which defendant had been dispossessed as aforesaid. It is from such judgment that defendant has appealed to this court.

Appellant contends that one who relies upon an agreement such as is the basis for the action here under consideration must both "allege and prove performance, or a tender of performance, of the contract". But, considering

the fact that after the execution of the contract defendant was placed in possession of the property, in which situation, with the exception of that portion thereof of which he was dispossessed, he so remained without any attempt on his part to rescind the contract, it must be presumed that, notwithstanding such untoward existing conditions, he ratified the agreement between him and plaintiff's assignor. In such circumstances, as is indicated in the case of *Arnois* v. *Bell*, 70 Cal. App. 222 [232 Pac. 758] (syllabus) : "The seller is not required to tender to the purchaser a bill of sale of the property sold as a condition precedent to demanding payment of the balance of the purchase price, . . ."

Nor did the fact that there was a partial failure of consideration for the promissory note of defendant have the effect of voiding the entire contract. In 19 California Jurisprudence, at page 1002, occurs the following statement of the law:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto*, whether the failure is an ascertained and liquidated amount or otherwise. This has long been the law in California." (Citing cases.)

And in 13 Corpus Juris, page 368, the law is thus declared: "Where there is a failure of a part of a lawful consideration the part which failed is simply a nullity and imparts no taint to the residue. . . . "

To the same effect, see *Easton Packing Co.* v. *Kennedy*, 6 Cal. Unrep. 626 [63 Pac. 130]; *Knobloch* v. *Bader*, 18 Cal. App. 421 [123 Pac. 341].

It follows that the judgment should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.