**PAPPAS et al. v. COUREMBIS.**

**No. 1084.**

Municipal Court of Appeals for the District of Columbia.

Argued July 2, 1951.

Decided July 23, 1951.

Rehearing Denied Aug. 21, 1951.

Joseph Lapiana, Jr., Washington, D. C., with whom Joseph G. Weeda, Washington, D. C., was on the brief, for appellants.

Ewing Laporte, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Defendant, Louis Courembis, was the owner of a building in which plaintiff Louis Pappas, George Skarlis, and one or more others conducted a restaurant business. A bill of sale was signed under which the owners of the restaurant sold it, together with its good will, stock in trade, and implements and fixtures, to Courembis. Although in form an executed sale, the transaction actually was executory—the transfer of the restaurant to occur a short time later and the notes given in exchange to begin to run when delivery was to be made. Courembis delivered five promissory notes totaling $5,000, one for $1,400 and the other four for $900 each. The $1,400 note was delivered directly to one Chaconas to whom the owners of the restaurant were indebted for merchandise purchased. This note was paid in full by Courembis when it became due. A few days after the notes had been signed Courembis complained to the holders of the other notes that they or some of them had removed supplies and part of the equipment, that the agreement had contemplated the delivery of the restaurant to him as a going concern, and that instead its operators had closed it down, losing customers and good will. He announced, therefore, that he would not pay the remaining notes. A suit on one of the $900 notes was compromised for an amount not disclosed in the record. Suits on two of the remaining notes were decided in defendant's favor and those judgments were not appealed. The present suit involves the remaining $900 note which was delivered to Louis Pappas and by him endorsed to the other plaintiff, George A. Pappas, who also appears to have been a partner in the business. No claim was made that George A. Pappas was a holder in due course. After hearing a part of the evidence, the trial court directed a verdict for defendant on the ground of res judicata. Plaintiffs have appealed.

Defendant's motion for a directed verdict on the ground of res judicata was made before the jury was impaneled. At that time the motion was denied and the trial commenced. After plaintiff had testified and introduced into evidence the records of the Municipal Court in the previous suits, and after defendant had testified on direct examination, but during his cross-examination and before any rebuttal was offered, the trial judge announced his intention to grant defendant's motion for a directed verdict. He asked defendant's counsel to repeat his grounds for said motion. In doing so defendant's counsel recited in detail various events alleged to have happened during the previous actions on two of the notes. Much of what was stated by counsel was not contained in the records of the trials of the previous cases. For example, a description was given of the judge's jury instructions in one of the previous cases, although the only court rec—

ords bearing on such jury instructions were various requests for instructions with no indication in the file whether such requests were granted or refused. Opposing counsel did not concede the correctness of these statements. Statements of counsel, of course, are not evidence.[1]

■ As we said in Kincade v. Wah, D. C.Mun.App., 38 A.2d 112, the doctrine of res judicata has been so frequently and recently stated that it is unnecessary to restate it. With exceptions not here pertinent, the issues in the two suits must be the same. As we also said in the same case, where the record of a former suit does not make out prima facie a bar to the present suit, the burden is on defendant, who files the plea, to establish the fact that the former suit constitutes a bar to the present one.

As to the issue determined in the case of Diacopoulos v. Courembis, Civil Action No. A26097, the case relied on for the plea of res judicata, such issue is disclosed only by the answer filed in that case. In effect the defense was partial failure of consideration. It was worded as follows: "Defendant alleges that the note referred to in the complaint was executed in consideration of the transfer and delivery of certain goods by said Louis Pappas to defendant and that said goods to the value of more than the amount of said note [$900] were never delivered to defendant." In the present suit exactly the same defense was offered and in approximately the same language.

■ Assuming therefore, as we must, that the only defense in the previous action was partial failure of consideration, it does not follow that the judgment in the previous action was res judicata of the present one even though the issue is the same. According to the Uniform Negotiable Instruments Act in effect in the District of Columbia, partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise.[2] When a partial failure of considera-

tion is established as a defense, the extent of this failure of consideration should be deductible from the amount of plaintiff's claim.[3] This defense, therefore, defeats all of that particular claim only if the amount of the failure exceeds such claim. Because there was a partial failure of consideration sufficient to defeat recovery on one or more notes, it does not necessarily follow that there was sufficient failure of consideration to defeat recovery on an additional note given in the same transaction.

■ In the present case defendant placed a maximum value of $2,360 on the goods removed after his purchase of the business. This was the extent of the failure of consideration. In his deposition taken in connection with the previous case he valued such items at $1,400, but this deposition was not admitted in evidence and plaintiff was deprived of the opportunity of cross-examining defendant on the discrepancy between the two figures. Defendant had actually paid $1,400 out of the total purchase price of $5,000 plus an amount not in evidence in compromise of another of the notes. Through the judgments in the previous two cases decided in his favor, defendant was relieved of the payment of $1,800. It does not follow from such judgments that he should be relieved of the further sum of $900 in the present suit since that amount added to the $1,800 would exceed in any event the amount of the goods which defendant claimed were not delivered to him. Taking these figures into consideration, the trial court was in error in deciding the present case in defendant's favor on the basis of res judicata.

■ Since the case must be retried, the following should be added. In deciding the present case the trial judge pointed out that the consideration for the notes was one and entire, namely, the delivery of a certain operating restaurant on a certain date with certain supplies and certain equipment. The notes also were in effect one and entire although they were in form separate.

1. 6 Wigmore, Evidence, § 1806 (3rd ed. 1940).

2. Code 1940, 28–205; Ryan v. Security Savings & Commercial Bank, 50 App.D.C. 292, 271 F. 366.

3. King v. Moreland, 116 Cal.App. 356, 2 P.2d 576; Smith v. Heath, 207 Ala. 4, 91 So. 799; 3 Williston, Contracts, § 842 (Rev. ed. 1936); Anno. L.R.A.1918A, p. 1055.

It may well be that defendant could have defended the suit on the present note as well as the suits on the other notes on grounds other than those advanced. For example, where the payee of a note fails to furnish the promised main or chief consideration therefor, the defendant maker should be relieved from paying the note sued on.[4] But so far as the record discloses, the former suit was not decided on that basis. Neither does it disclose that there was before the court in the previous case any claim, by way of counterclaim or otherwise, for damages for defendant's losses because of the behavior of the sellers.[5] Therefore the previous case furnished no basis for the plea of res judicata in the present suit. If the former suit was decided on a broader basis than indicated by the record, it will be appropriate at the retrial to receive evidence aliunde the record to establish that fact.[6]

Reversed with instructions to grant a new trial.

4. Shaw v. Citizens' Bank, 8 Cir., 10 F.2d 315; Wallinger v. Kelly, 136 Va. 547, 117 S.E. 850; 3 Williston, Contracts, § 842 (Rev. ed. 1936); 1 Restatement, Contracts, §§ 274, 275; 12 Am.Jur., Contracts, § 360.

5. Shaw v. Citizens' Bank, supra; Wallinger v. Kelly, supra; Emerson-Brantingham Co. v. Brennan, 35 N.D. 94, 159 N.W. 710.

6. See Block v. Wilson, D.C.Mun.App., 54 A.2d 646.